**\*AMENDED 3/9/09\***
*AFTER REMAND BY NINTH CIRCUIT AS TO RESTITUTION ONLY*

# United States District Court
# Central District of California

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No. | SA CR03-62-AHS |
| **Defendant**   MARK STEVEN MANDERSON | Social Security No. | 9  9  2  2 |
| akas: | (Last 4 digits) | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| AUG | 31 | 2007 |

**COUNSEL**  [X] WITH COUNSEL   Kenneth M. Miller, Apptd.
(Name of Counsel)

**PLEA**  [X] **GUILTY**, and the court being satisfied that there is a factual basis for the plea.  [ ] **NOLO CONTENDERE**  [ ] **NOT GUILTY**

**FINDING**  There being a finding/verdict of [X] **GUILTY**, defendant has been convicted as charged of the offense(s) of:
Conspiracy in violation of 18 USC § 371 as charged in Count 1; and False Statement in Bankruptcy in violation of 18 USC § 152(3) as charged in Counts 2, 5, 7-9 and 13 of the 15-Count Indictment.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

```
     Sixteen (16) months on Counts 1, 2, 5, 7, 8, 9  and 13 of the 15-Count
Indictment.  This term consists of 16 months on each of Counts 1, 2, 5, 7, 8, 9
and 13 of the Indictment, to be served concurrently.

     IT IS FURTHER ORDERED that the defendant shall pay to the United States a
special assessment of $700, which is due immediately.

     IT IS FURTHER ORDERED that the defendant shall pay restitution in the total
amount of *$200,480.00, which shall be reduced by the amount defendants prove,
to the satisfaction of the U.S. Probation Officer(s), has been paid to the
priority creditor L.D.*  The total sum of restitution shall be paid to victims
as set forth in a separate victim list prepared by the probation office which
this Court adopts and which reflects the Court's determination of the amount of
restitution due to each victim.  The victim list, which shall be forwarded to
the fiscal section of the clerk's office shall remain confidential to protect
the privacy interests of the victims.

     IT IS FURTHER ORDERED that if the defendant makes a partial payment, that
payment shall be applied first toward the restitution due the priority victim;
thereafter, each payee shall receive approximately proportional payment.

     IT IS FURTHER ORDERED that restitution shall be due during the period of
imprisonment, at the rate of not less than $25 per quarter, and pursuant to the
Bureau of Prisons' Inmate Financial Responsibility Program.  If any amount of
```

USA vs.   MARK STEVEN MANDERSON                          Docket No.:   SA CR03-62-AHS

restitution remains unpaid after release from custody, nominal monthly payments in the amount of $1,875 shall be made during the period of supervised release and shall begin 30 days after the commencement of supervision.  Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for immediate payment of the full amount ordered.

IT IS FURTHER ORDERED that the defendant shall be held jointly and severally liable with co-participant Leslee Jean Conner Manderson for the amount of restitution.

IT IS FURTHER ORDERED that the defendant shall pay to the United States a total fine of $30,000.  The total fine shall bear interest as provided by law.  The fine shall be paid in full immediately.

IT IS FURTHER ORDERED that the defendant shall comply with General Order No. 01-05 in relation to financial sanctions.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions. This term consists of three years on each of Counts 1, 2, 5, 7, 8, 9 and 13, all such terms to run concurrently.

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Orders 318 and 01-05;

2. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

3. The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer;

4. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency and/or psychiatric treatment to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  The defendant shall provide payment and proof of payment as directed by the Probation Officer;

5. During the period of community supervision the defendant shall pay the special assessment, restitution and fine in accordance with this judgment if not already paid;

6. The defendant shall cooperate in the collection of a DNA sample from his person;

7. As directed by the Probation Officer, the defendant shall

| USA vs. | MARK STEVEN MANDERSON | Docket No.: | SA CR03-62-AHS |
|---|---|---|---|

```
        apply monies received from income tax refunds, lottery
        winnings, inheritance, judgements and any anticipated or
        unexpected financial gains to the outstanding court-ordered
        financial obligation;

    8.  Absent prior written approval from his Probation Officer,
        the defendant shall not file, or cause or permit the filing
        of, a bankruptcy petition on behalf of himself or his wife,
        any property where he resides or in which he has any legal
        or equitable rights, any trust as to which he is a trustee,
        a beneficiary, or otherwise affiliated, or any business
        entity which he owns, controls, or is otherwise affiliated
        with;

    9.  The defendant shall not create, or conduct any financial
        transactions through  use of any trust as to which he is a
        trustee, a beneficiary, or otherwise affiliated, without
        first disclosing a copy of the trust documents to his
        Probation Officer and providing written answers to any
        questions the Probation Officer may have regarding such
        trusts; and

    10. The defendant shall not hold any property of himself and/or
        his wife, L. Manderson, in any name other than the name of
        himself and/or his wife or an identified trust.

    Defendant is ORDERED remanded to the custody of the U.S. Marshal forthwith.
Bond is exonerated.

    Defendant informed of right to appeal subject to terms of plea agreement.

    IT IS FURTHER ORDERED that all remaining counts of the Indictment as to
this defendant be dismissed.
```

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| March 11, 2009 | **ALICEMARIE H. STOTLER** |
|---|---|
| Date | U.S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| March 11, 2009 | By | Ellen N. Matheson |
|---|---|---|
| Filed Date | | Deputy Clerk |

| USA vs. MARK STEVEN MANDERSON | Docket No.: SA CR03-62-AHS |
|---|---|

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

USA vs.   MARK STEVEN MANDERSON            Docket No.:   SA CR03-62-AHS

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____   _____
Date            Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____   _____
Filed Date       Deputy Clerk

| USA vs. MARK STEVEN MANDERSON | Docket No.: SA CR03-62-AHS |
|---|---|

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
           Defendant                                                   Date


_____     _____
U. S. Probation Officer/Designated Witness        Date